UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

Nº 07-CV-1684 (JFB) (ETB)
_____

SALLY CRISCI-BALESTRA,

Plaintiff,

VERSUS

CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO,

Defendant.

_____

MEMORANDUM AND ORDER
February 13, 2008
_____

JOSEPH F. BIANCO, District Judge:

Sally Crisci-Balestra ("Crisci-Balestra" or "plaintiff") filed the instant action *pro se* on April 19, 2007 against the Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO ("CSEA" or "defendant") alleging age discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (the "ADEA") and gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 42 U.S.C. § 2000e *et seq.* ("Title VII")[1] in connection with plaintiff's failure to obtain employment through defendant. CSEA moves to dismiss plaintiff's complaint pursuant to Federal Rule of Procedure 12(b)(6) on the grounds that Crisci-Balestra failed to timely exhaust her administrative remedies and to state a claim on which relief could be granted. For the reasons set forth below, the Court concludes that (1) plaintiff failed to demonstrate that she has exhausted her administrative remedies for the Title VII and ADEA claims; and (2) even assuming *arguendo* that the exhaustion requirement had been satisfied, her claims must be dismissed pursuant to Rule 8 of the Federal Rules of Civil Procedure because it is entirely unclear from her complaint what discriminatory acts she is alleging against CSEA and, thus,

---

[1] Although plaintiff did not check the box next to "Title VII" in her complaint, she did check the "gender/sex" box – in addition to the "age" box – when describing the basis for defendant's alleged discrimination. Thus, in an abundance of caution,

the Court is construing the complaint to allege a cause of action under Title VII.

defendant does not have fair notice of the claims being asserted. However, the Court will provide plaintiff with an opportunity to re-plead and, if possible, demonstrate exhaustion and articulate her claims against CSEA.

I. FACTS

The following facts are taken from the complaint and are not findings of fact by the Court. The Court assumes these facts to be true for the purpose of deciding this motion and construes them in the light most favorable to plaintiff, the non-moving party.

In the complaint, Crisci-Balestra alleges:

> I am basically discriminated against due to being a woman, credientialed and approaching '104' letters of response to interviews with little or no regard for talent, age, experience, degrees or 250 miles away from housing and family to be overlooked for someone 1/3 my age. Tier I best tier for retirement benefits ignored hired by credential in 1968 through "2006." All benefits for me @ 100% medical and dental being denied.

(Compl. at 4.) According to the complaint, the allegedly discriminatory acts took place between 2003 and 2007 on "various dates of interviews through CSEA." (Compl. at 3.) In the area provided for Crisci-Balestra to specify the discriminatory conduct at issue, she checked the box next to "[f]ailure to hire." (Compl. at 3.) In addition, plaintiff indicated that she sought employment at the Pilgrim Psychiatric Center, the Babylon Clinic, and the Upper Manhattan Mental Health [Clinic/Hospital]. (Compl. at 2.)

The complaint states that plaintiff filed a charge with the EEOC between 2003 and 2007. (*Id.*) However, in the area of the complaint that provides boxes for plaintiff to indicate whether or not she received a right to sue letter from the EEOC, she checked neither box and, instead, wrote that the "city, state, and county has [sic] ignored me since 1990." (*Id.*)

Appended to the complaint is a letter addressed to the EEOC dated February 14, 2007 and labeled EEOC Charge No. 16-G-2006-00647" (the "February 14 Letter"), in which Crisci-Balestra "requested an extension of time so that [she] could obtain a lawyer and pursue this case." (February 14 Letter at 1.) This letter also states: "After contacting the EEOC and Ms. H. Woodyard, "Investigator," I was advised to physically go to U.S. District Court for the Eastern District of New York . . . to file in this Court tomorrow." (*Id.*)

Plaintiff also appended a letter addressed to the EEOC dated February 16, 2007 (the "February 16 Letter"). The February 16 Letter alleges additional facts, such as dates and locations of Crisci-Balestra's various job positions and health problems. Specifically, plaintiff alleges that she "traveled each year thousands of miles to respond to opening [sic] throughout the State on the same Grade 23 Level and never complained, but did not receive the position due to age discrimination!" (February 16 Letter at 1.)

II. PROCEDURAL HISTORY

Crisci-Balestra filed the instant action on April 19, 2007. Defendant filed the instant motion on July 26, 2007. However, plaintiff failed to respond to this motion by August 27,

2

2007, in adherence to the Court's briefing schedule, or to otherwise communicate with the Court. Consequently, by Order dated September 19, 2007 (the "September 19 Order"), the Court instructed plaintiff to submit a letter explaining her failure to adhere to the Court's briefing schedule. (September 19 Order at 1.) The Court warned Crisci-Balestra that failure to submit this letter could result in the Court's deciding CSEA's motion without plaintiff's opposition. (*Id.*) Plaintiff did not submit this letter and, to date, has not communicated with the Court.[2]

### III. STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6), the court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enter.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). The plaintiff must satisfy "a flexible 'plausibility standard.'" *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (May 21, 2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Moreover, as plaintiff is appearing *pro se*, the Court shall "'construe [her complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'" *Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)); *accord Sharpe v. Console*, 386 F.3d 483, 484 (2d Cir. 2004).

In connection with a motion to dismiss under Rule 12(b)(6), the Court may only consider "the facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference."[3] *Nechis,* 421 F.3d at 100; *accord Kramer v. Time Warner Inc.,* 937 F.2d 767, 773 (2d Cir. 1991).

### IV. DISCUSSION

#### A. Title VII

For the reasons set forth below, the Court finds that plaintiff has not demonstrated that

---

[2] Although the Court is aware that plaintiff's failure to oppose the instant motion is not grounds in itself for dismissal of the complaint, *see McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000) ("The district court in the present case did not address the merits of defendants' Rule 12(b)(6) motion and appears to have dismissed the complaint solely on the ground that [plaintiff] did not respond to the motion. Dismissal on that basis was error."), it may be that Crisci-Balestra's failure to comply with the September 19 Order and continued failure to otherwise communicate with the Court is an indication that she no longer wishes to prosecute this action. However, in an abundance of caution, the Court will address defendant's motion on the merits. "[T]he sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law. If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *Id.* at 322-23.

[3] Here, plaintiff attached the February 14 Letter and the February 17 Letter to her complaint and, thus, the Court may consider them on the motion to dismiss.

3

she administratively exhausted her Title VII claim and, therefore, dismisses this claim.

To maintain a timely action under 42 U.S.C. § 2000e-5, a plaintiff must comply with three requirements: (1) file a timely charge with the EEOC, (2) receive an EEOC right-to-sue letter, and (3) file an action within 90 days of receipt of that letter. *Collier v. Boymelgreen Developers*, No. 06-CV-5425, 2007 U.S. Dist. LEXIS 36181, at *6 (E.D.N.Y. May 17, 2007) (citing *Van Sant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996)). Here, Crisci-Balestra has failed to administratively exhaust her Title VII claim because she has not met the second prong of this test, *i.e.,* the complaint and the exhibits thereto, taken together, do not indicate that plaintiff received a right-to-sue letter from the EEOC. She neither appends such a letter nor refers to it. Moreover, where the form complaint specifically asked whether Crisci-Balestra received a right-to-sue letter by asking her to check one of two boxes, she checked neither and wrote that the "city, state, and county has [sic] ignored me since 1990." Thus, based on the complaint and its exhibits, the Court concludes that plaintiff has not demonstrated that she received a right-to-sue letter from the EEOC.

As the Second Circuit has stated, however, "a plaintiff's failure to obtain a notice-of-right-to-sue letter is not a jurisdictional bar, but only a precondition to bringing a Title VII action that can be waived by the parties or the court." *Pietras v. Bd. of Fire Comm'rs of the Farmingville Fire Dist.*, 180 F.3d 468, 474 (2d Cir. 1999); *see also Bey v. Welsbach Elec. Corp.*, 01 Civ. 2667, 2001 U.S. Dist. LEXIS 10811, at *8 (S.D.N.Y. July 30, 2001) ("Failure to obtain a right-to-sue letter is 'not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'") (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). Consequently, "[h]aving determined that a right-to-sue letter is not jurisdictional, the Court must decide whether the facts of this case warrant equitable modification of Title VII's statutory requirements. Courts in this circuit have recognized that the statutory prerequisites for bringing a Title VII suit in federal court may be waived in cases where a plaintiff has in some extraordinary way been prevented from asserting [her] rights, or when the EEOC has incorrectly refused to issue a right-to-sue letter." *Ishikawa v. City of N.Y. Dep't of Cultural Affairs*, No. 91 Civ. 7269, 1993 U.S. Dist. LEXIS 12687, at *12-*13 (S.D.N.Y. Sept. 14, 1993) (citations and quotation marks omitted); *see also Bey*, 2001 U.S. Dist. LEXIS 10811, at *8-*9 ("[I]n order to suspend the exhaustion requirement through waiver, estoppel, or tolling, the plaintiff must show or allege that he made an effort to procure the right to sue letter or that he raised the failure to issue a right to sue letter with the EEOC prior to filing this action.") (citation and quotation marks omitted); *George v. United States*, No. 03-CV-0266, 1996 U.S. Dist. LEXIS 22829, at *6 (E.D.N.Y. Aug. 19, 1996) (holding in case where plaintiff did not obtain right to sue letter that "equitable modification of the procedural requirements of Title VII may be appropriate in various situations, including when a defendant's affirmative misconduct has lulled plaintiff into inaction or a plaintiff has in some extraordinary way been prevented from asserting his or her rights") (citation and quotation marks omitted). Here, as set forth below, the Court has carefully reviewed plaintiff's complaint and the exhibits thereto and finds no evidence – extraordinary or otherwise – warranting equitable waiver of the requirement of a right-to-sue letter.

4

As a threshold matter, Crisci-Balestra has not alleged that she attempted to obtain a right-to-sue letter from the EEOC. While she appended letters addressed to the EEOC to the complaint, the Court has no evidence that these letters were sent to the EEOC and, in any event, these letters do not mention a right-to-sue letter.[4] *See Bey*, 2001 U.S. Dist. LEXIS 10811, at *9 (holding, in context of analyzing whether right-to-sue letter requirement should be equitably waived, that "the complaint does not allege any attempt to procure such a letter. Accordingly, because [plaintiff] has failed to comply with the procedural requirements for filing a Title VII discrimination claim, [plaintiff's] Title VII claim is dismissed"); *Nurse v. City of New York*, 739 F. Supp. 811, 811-12 (S.D.N.Y. 1990) ("Despite the lack of an agency record that can confirm or deny the issuance of a right-to-sue letter, there is no proof that [plaintiff] made any attempt to procure such letter as she was obliged to do to bring her Title VII suit. It was incumbent upon [plaintiff] to raise the failure of the EEOC to issue a letter, if indeed there was such a failure, prior to the commencement of her suit in federal court and therefore there exists no reason to toll or waive the statutory requirement.").

Moreover, Crisci-Balestra has failed to provide evidence that the EEOC refused to issue a right-to-sue letter or that defendant or the EEOC prevented her from obtaining such a letter. Not only did plaintiff fail to respond directly to the sole question on the form complaint pertaining to a right-to-sue letter, but she also failed to respond to defendant's motion, which explicitly argued that the absence of a right-to-sue letter warranted dismissal of the complaint. Under these circumstances, and construing all of the facts in favor of plaintiff, the Court declines to equitably waive the requirement of a right-to-sue letter and dismisses her Title VII claim for failure to exhaust administrative remedies. *Cf. Pietras*, 180 F.3d at 474 ("Given that [plaintiff] made a diligent effort to obtain a notice-of-right-to-sue letter from the EEOC and was denied one on the erroneous basis that she was not an employee, we believe that the district court acted well within its discretion by excusing the absence of such a letter in this case.").[5]

B. The ADEA

Defendant argues that the Court should dismiss Crisci-Balestra's ADEA claim on the grounds that she failed to exhaust her administrative remedies by (1) failing to obtain a right-to-sue letter; and (2) failing to file a charge with the EEOC. For the reasons set forth below, the Court disagrees with defendant on the first ground but agrees on the second and, thus, finds that plaintiff has failed to exhaust her administrative remedies on the ADEA claim.

---

[4] Although the February 14 Letter contains a conclusory allegation that in a telephone conversation with the EEOC, Crisci-Balestra "was advised to physically go to U.S. District Court for the Eastern District of New York . . . to file in this Court tomorrow," the Court is unaware of any regulation or case law stating that the EEOC may orally grant a right-to-sue.

[5] Because the Court finds that Crisci-Balestra has not demonstrated that she obtained a right-to-sue letter, the Court need not address – in the context of her Title VII claim – whether she filed a timely charge with the EEOC. However, as set forth *infra* in the context of her ADEA claim, the Court concludes that plaintiff did not file such a charge.

5

### (1) Right to Sue Letter

CSEA argues that the Court should dismiss plaintiff's ADEA claim because the EEOC has not issued a right-to-sue letter. As set forth *supra*, the Court agrees that plaintiff has not shown that she obtained a right-to-sue letter from the EEOC. However, "[u]nlike Title VII, the ADEA does not require an aggrieved party to receive a right-to-sue letter from the EEOC before filing suit in federal court." *Holowecki v. Federal Express Corp.*, 440 F.3d 558, 563 (2d Cir. 2006), *writ granted* 127 S. Ct. 2914 (2007); *McPherson v. N.Y. City Dep't of Educ.*, 457 F.3d 211, 214 (2d Cir. 2006) ("No 'right-to-sue' letter is needed in ADEA cases. . . . ") (citation omitted). Thus, the Court cannot find that plaintiff's claim fails on this ground.

### (2) EEOC Charge

As set forth below, the Court finds that Crisci-Balestra has not provided sufficient evidence that she filed a charge with the EEOC on her ADEA claim and, therefore, the Court finds that she has not exhausted her administrative remedies for this claim.

"The ADEA requires the filing of a timely charge with the EEOC but does not define the term 'charge.'" *Holowecki*, 440 F.3d at 566 (quoting 29 U.S.C. § 626(d)). Here, defendant states that "CSEA was never named in or served with an EEOC charge." (Def.'s Motion at 3.) However, the Second Circuit has held that "a writing submitted to the EEOC containing the information required by EEOC interpreting regulations is an EEOC 'charge' for purposes of Section 626, only when the writing demonstrates that an individual seeks to activate the administrative investigatory and conciliatory process. We also agree that 'notice to the EEOC must be of a kind that would convince a reasonable person that the grievant has manifested an intent to activate the Act's machinery.'" *Id.* at 566-67 (quoting *Bihler v. Singer Co.*, 710 F.2d 96, 99 (3d Cir. 1983)). "Information required by EEOC interpreting regulations" includes, *inter alia*, the name of the employer and a "general[] descri[ption of] the allegedly discriminatory acts." *Holowecki*, 440 F.3d at 566 (quoting 29 C.F.R. § 1626.8(b)).

Here, assuming that plaintiff mailed the February 16 Letter to the EEOC, the Court finds that this letter does not even meet the broad standard set forth for a "charge" in *Holowecki*. Although the letter contains an "EEOC Charge No." and vaguely requests "forms" from the EEOC, the letter is otherwise unintelligible. Moreover, because the letter does not even mention CSEA, it manifests no intent on the part of plaintiff to activate the EEOC's processes with respect to an ADEA claim against defendant.[6] The Court thus finds that plaintiff has failed to demonstrate that she filed a charge with the EEOC. *See Talyansky v. Xerox Corp.*, 22 F. Supp. 2d 55, 57 (W.D.N.Y. 1998) (finding EEOC charge containing "vague claim" was

---

[6] The Court is aware that with respect to union defendants such as CSEA, "[a] claim may proceed against a party unnamed in an administrative charge where the unnamed defendant shares a clear identity of interest with the party named in the charge." *Wallace v. Seacrest Linen, Unite, AFL CIO, CLC*, No. 04-CV-6035, 2006 WL 2192777, at *7 (S.D.N.Y. Aug. 2, 2002) (citing factors for "identity of interest" set forth in *Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir. 1991)). Here, however, plaintiff's incomprehensible letter provides no basis for the Court to find that CSEA shares an "identity of interest" – or, indeed, any relationship whatsoever – with the various entities plaintiff mentions.

6

"woefully inadequate to satisfy the statutory requirement that she file a timely charge with the EEOC") (quoting *Butts v. City of New York Dept. of Housing Pres. and Dev.*, 900 F.2d 1397, 1403 (2d Cir. 1993)).

### C. Rule 8

The Supreme Court has held that, when confronted with a Rule 12(b)(6) motion to dismiss, courts must evaluate complaints of discrimination under the standard set forth in Rule 8 of the Federal Rules of Civil Procedure, which requires that pleadings present a "short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). For the reasons set forth below, the Court finds that plaintiff's complaint does not meet the standard set forth in Rule 8.

Pursuant to Rule 8, pleadings are to give "fair notice of what the plaintiff's claim is and the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 335 U.S. 41, 47 (1957), *overruled in part on other grounds by Bell Atl. Corp.*, 127 S. Ct. at 1955). In *Bell Atlantic Corp.*, the Supreme Court clarified this pleading standard, declaring that

> [w]hile, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

127 S. Ct. at 1965 n.3 (quoting *Conley*, 355 U.S. at 47, and citing 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1202, at 94, 95 (3d ed. 2004)). When a complaint fails to comply with the Rule 8 pleading standard, the district court may dismiss it *sua sponte*. *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (quoted in *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000)).

Here, Crisci-Balestra's complaint falls far short of giving fair notice of her claim as required under Rule 8(a)(2). The series of statements and allegations in the complaint and exhibits are unintelligible and appear to relate to issues ranging from retirement benefits to unsuccessful job interviews to plaintiff's health problems. She alleges that certain interviews took place "through CSEA" but does not allege any discriminatory acts on defendant's part, nor does she mention CSEA again in her submission. Defendant cannot be expected to parse plaintiff's complaint into comprehensible legal claims, or even understand factually the nature of plaintiff's allegations. *See Dugan v. Martin Marietta Aerospace*, 760 F.2d 397, 399 (2d Cir. 1985) ("While a claim made under the ADEA need not contain every supporting detail, it must at least inform the court and the defendant generally of the reasons the plaintiff believes age discrimination has been practiced."); *Wilson v. Family Dollar Stores*, No. 06-CV-639, 2007 U.S. Dist. LEXIS 23083, at *30

7

(E.D.N.Y. Mar. 29, 2007) (dismissing ADEA claim because "[p]laintiff has done nothing more than simply state that she was discriminated against based on her age and has failed to state any of the events or incidents that she believes form the basis of her age discrimination claim").

### D. Opportunity to Re-plead

However, "[w]here dismissal is based on a *pro se* plaintiff's failure to comply with pleading conventions, a district court 'should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Shelton v. Trs. of Columbia Univ.*, No. 06-CV-0664, 2007 U.S. App. LEXIS 12184, at *3 (2d Cir. May 23, 2007) (summary order) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). As stated above, it is impossible for the Court to discern from the current complaint the basis for plaintiff's allegations, including the personal involvement of defendant, but plaintiff may be able to correct these pleading defects under Rule 8. Moreover, it is conceivable that plaintiff has exhausted her administrative remedies, but simply failed to produce the necessary documentation or support for such exhaustion to the Court. Therefore, in an abundance of caution, the Court grants plaintiff one opportunity to amend her claims to (1) demonstrate exhaustion with the EEOC as to CSEA; and (2) articulate her precise claims of discrimination against defendant. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (quotation omitted); *Rhodes v. Hoy*, No. 05 Civ. 0836, 2007 U.S. Dist. LEXIS 48370, at *3 (N.D.N.Y. May 5, 2007) ("[C]ourts should not dismiss a pro se litigant's complaint without granting leave to amend when there is any indication that a valid claim might be stated. If, however, the court rules out any possibility that the amended complaint will state a claim, the court should not grant the plaintiff leave to amend his complaint.") (quotation marks and citation omitted). Crisci-Balestra shall file the amended complaint within thirty days of the date of this Memorandum and Order. Failure to do so will result in dismissal of the complaint without prejudice. Plaintiff's complaint must allege the basis for satisfying the exhaustion requirement and also articulate the specific misconduct of defendant. The amended complaint must be captioned as an "Amended Complaint" and must bear the same docket number as this Memorandum and Order.

### V. CONCLUSION

For the reasons stated above, the Court dismisses Crisci-Balestra's Title VII and ADEA claims without prejudice, and grants her leave to amend within thirty days of this Memorandum and Order. Failure to do so will result in dismissal of this action without prejudice.[7]

---

[7] Because the Court thus dismisses all of plaintiff's federal claims, the Court declines to exercise jurisdiction over Crisci-Balestra's pendent state claim for breach of the duty of fair representation pursuant to C.P.L.R. § 217(2)(a), to the extent that the complaint alleges such a cause of action. Thus, at this juncture, the Court does not consider defendant's argument that such a cause of action would be time-barred.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: February 13, 2008
Central Islip, NY

\* \* \*

Plaintiff appears *pro se*. Defendant is represented by Amelia Tuminaro of CSEA, Box 7125, Capitol Station, 143 Washington Avenue, Albany, New York, 12224.